## McCOTTER *vs.* DeGROOT.

1. An agreement by an assignee of a bond and mortgage, that he would call at the office of the obligor for the interest, does not make that office ever after the only legal place for payment, and is not, in form or legal effect, an agreement, so as to affect the bond.

2. But when, in consequence of such agreement, the obligor failed to pay his interest within the thirty days limited by the condition of the bond, equity will relieve him from the forfeiture of his credit by such neglect.

3. A demand by the assignee, after the thirty days had elapsed, although he had not called, as promised, for the payment of the principal, and a refusal to accept the interest, is notice that he did not mean to be bound by his promise. And when the obligor subsequently offered to pay that interest and the interest about to become due, but made no tender of the latter interest within the thirty days after it became due, the complainant was held to be entitled to the principal.

*Mr. Flemming,* for complainant.

*Mr. Magie,* for defendant.

THE CHANCELLOR.

This suit was brought to foreclose a mortgage upon lands in Elizabeth City, given by G. R. Jaques, of Rahway, to E. D. Coutts, of New York. The mortgage was dated November 1st, 1864, and was for the payment of $500 in five years from the date, the interest to be paid quarter-yearly, with the usual interest clause, that the whole principal should be due, if the interest should not be paid in thirty days after it became due. Coutts assigned the mortgage to the complainant, and the defendant purchased the premises subject to the mortgage; they were conveyed to him by Jaques. The complainant claims that the mortgage is due, and that he is entitled to foreclose, on the ground that the interest due on the first days of May and August, in 1866, were not paid

within thirty days after they became due, respectively. The bill was filed November 22d, 1866.

The defendant does not deny that the interest was unpaid for more than thirty days, but contends that the money is not due, because the complainant, shortly after the assignment of the mortgage to him, called at the office of the defendant, in New York, and agreed to call there for the interest when it became due, but did not call ; and alleges that he tendered the interest to him after the thirty days had expired.

The proof shows that the complainant, soon after the assignment to him, which was in April, 1865, called at the defendant's office, in New York, and when inquired of as to the locality of his residence in Jersey City, where he lived, said it was of no consequence, that he would call at the defendant's office, in New York, for the interest when it became due. No other agreement was proved, except that sworn to by the defendant himself, which was denied by the complainant in his testimony.

This does not amount to a binding agreement, so as to make the defendant's office ever afterwards the only legal place for payment. It has no mutuality, and is without consideration, and is not, in form or legal effect, an agreement, so as to affect the bond.

But in a case like this, when the defendant has been misled by it, and waited for the complainant to call for his interest, it will be an excuse for not paying his interest within the time, and equity will relieve him from the forfeiture of his credit by such neglect. No man will be allowed, in equity, to take advantage of an omission or default caused by himself. This is the rule, even when the party is misled without any bad faith of the other party. It is, therefore, unnecessary to consider whether there was not bad faith on the complainant's part, which might possibly be inferred from the evidence.

But this excuse only applies to the interest which became due on the 1st day of May, 1866. In the beginning of June,

the complainant, after the thirty days had elapsed, claimed that the whole money was due, although he had not called as promised, refused to accept the quarter's interest, and insisted on payment of the principal. This was plain notice that he did not mean to be bound by his promise, or intend to call for the interest afterwards to become due.

The defendant proves no tender within thirty days after the 1st day of August, of the interest which then became due. There is some proof that before that day he offered to pay complainant the amount due on the 1st of May, and the amount to become due on the 1st of August, and that the complainant refused, and insisted on the principal. If the proof was plain, it would not relieve the defendant from tendering the August interest after it was due.

The complainant's refusal was not on the ground that he was not bound to accept the August interest, but on the ground that the previous default had entitled him to payment of the principal. If the August interest had been tendered him by itself, after it became due, he might have accepted it. At all events, he was entitled to have this proposition presented to him.

The complainant is entitled to a decree.